IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee,

    Plaintiff,

  v.

HERNANDO CAAMPUED and CECILIA CAAMPUED,

    Defendants.

No. C 12-01244 CRB

**ORDER REMANDING CASE**

      Defendants Hernando Caampued and Cecilia Caampued removed this case from state court on March 13, 2012. See dkt. 1. The case was reassigned on March 19, 2012. See dkt. 6. The Court notes that a Motion to Remand is already on file, and is calendared for April 27, 2012. See dkt. 8. However, the Court finds this matter suitable for resolution without oral argument or further briefing, pursuant to Civil Local Rule 7-1(b), and GRANTS the Motion to Remand.

      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds

1 $75,00.00.  The burden of establishing that federal jurisdiction exists is on the party seeking
2 removal, and courts strictly construe the removal statute against removal jurisdiction.  <u>Gaus</u>
3 <u>v. Miles, Inc.</u>, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted).
4 Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of
5 removal in the first instance."  <u>Id.</u> at 566.  Further, a district court must remand the case to
6 state court if it appears at any time before final judgment that the district court lacks subject
7 matter jurisdiction.  28 U.S.C. § 1447(c).

8 Upon review of the state court complaint attached to the Notice of Removal, it is
9 apparent to the Court that, indeed, it does <u>not</u> have jurisdiction over the matter.  Federal
10 question jurisdiction exists only when a federal question exists on the face of a well-pleaded
11 complaint.  See <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002).
12 The state court complaint here involves only a claim of unlawful detainer.  Notice of
13 Removal Ex. A at 1.  Therefore, no federal question is presented.  See <u>Wells Fargo Bank v.</u>
14 <u>Lapeen</u>, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); <u>Wescom Credit Union v.</u>
15 <u>Dudley</u>, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Moreover, based upon the face
16 of the well-pleaded complaint, which alleges that the amount in controversy is "under
17 $10,000," and indicates that Defendant is what is known as a local defendant (residing in the
18 State in which this action has been brought), there is also no diversity jurisdiction.  See
19 Notice of Removal Ex. A at 1; 28 U.S.C. § 1441(b).  Accordingly, Plaintiff's Motion to
20 Remand this matter to the Superior Court of the State of California, County of Santa Clara is
21 GRANTED.

22 Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of
23 "just costs and any actual expenses, including attorney fees, incurred as a result of removal."
24 Plaintiff argues it has incurred fees and costs totaling $790.00 in connection with the Motion
25 to Remand, and requests an award of fees in this amount.

26 "[A]bsent unusual circumstances, attorney's fees should not be awarded when the
27 removing party has an objectively reasonable basis for removal."  <u>Martin v. Franklin Capital</u>
28 <u>Corp.</u>, 546 U.S. 132, 136 (2005).  "The appropriate test for awarding fees under § 1447(c)

2

should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford Defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.  In this case, there is no basis for federal subject matter jurisdiction.  Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case, as discussed above.  Thus, the Court finds there was not an objectively reasonable basis for removal.  The Court GRANTS Plaintiff's request for attorneys' fees and Plaintiff is awarded fees in the amount of $790.00.

**IT IS SO ORDERED.**

Dated: March 27, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE